Opinion of
the Court.
THE first question proper to be determined in this case is, whether a deposition taken de bene esse, upon an affidavit made before the clerk of the court, as to the materiality of a witness about to depart from this state, can properly be read, when a motion to exclude it has been made.
By an act of 1798 on this subject, it is provided, that “where any witness is about to depart the country, &c. the court, upon affidavit thereof, or on a certificate that an affidavit has been made to that effect, from any justice of the peace to the clerk of the court in which the suit is depending,” a commission may be awarded for taking the deposition de bene esse.
This affidavit is expressly required to be certified from a justice of the peace. We are aware of no law which authorises the clerk to administer the oath in vacation. The court below, therefore, properly refused to permit the deposition to be read.
This leads us necessarily to another question, whether the case presents a proper ground of surprise, and therefore entitled the defendant to a new trial, upon a motion to that effect? We are of opinion that it does. The party might have reasonably expected the benefit of the deposition upon the trial of the cause. It appears, in other respects, to have been regularly taken, and the party to have done all that was necessary to its being admissible evidence. No objection appears to have been intimated, until after the jury were empannelled; and the deposition shows that it would have very probably been material to the defence of the defendant.
Judgment reversed and new trial awarded.